UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CHAUNCEY LEWIS | CIVIL ACTION NO. 3:11-cv-1732 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| OFFICER MATTHEW HILL, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Chauncey Lewis, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 20, 2011. Plaintiff is a detainee in the custody of the Ouachita Parish Sheriff; he is detained at the Ouachita Corrections Center (OCC) and is awaiting trial on a charge of possession of crack cocaine, criminal damage to property, and resisting an officer. He sued the arresting officers alleging excessive force and false arrest. He prayed for his immediate release and $150,000 in damages for the injuries sustained in the arrest. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that plaintiff's excessive force and false arrest complaint be **STAYED** pending the outcome of the on-going criminal prosecution in the Fourth Judicial District Court, Ouachita Parish, and, that the complaint, insofar as it seeks dismissal of the charges and plaintiff's immediate release from custody be **DISMISSED** for failing to state a claim for which relief may be granted.

*Background*

On May 10, 2011, plaintiff was arrested and charged with driving on the wrong side of the road (La. R.S.32:71), resisting an officer (La. R.S.14:108), possession of crack cocaine (La.

R.S.40:967) and criminal damage to property (La. R.S.14:56). According to the affidavit of probable cause executed by Sgt. Matthew Hill of the Ouachita Parish Sheriff's Office,

> On listed date [May 10, 2011] and time [8:29 p.m.], I observed the driver of a vehicle traveling [southbound] in the [northbound] lane of travel on Burg Jones Lane near the intersection of Short Morton Street. I initiated a traffic stop and ordered the driver to turn off the vehicle. After several commands, the driver complied. I then ordered the driver to show his hands and he refused. I was able to briefly see his right hand, and I observed what appeared to be a rock of crack cocaine in his hand. He placed his hand back in the car, and it appeared that he got rid of the crack cocaine. He was subsequently taken into custody after being Tased.
>
> During an interview with the female passenger of the vehicle, she handed me a rock of crack cocaine from her pants. She said that Lewis handed it to her and told her to throw it out of the window. While Lewis was secured in my patrol car, he kicked the rear driver's side window, which dislodged it from the car door. Lewis was transported to OCC and booked on listed charges. [Doc. 1-2, p. 1]

Plaintiff provided a different account of the events. He claimed that he immediately complied with the officer's command to place his hands in the air. Nevertheless, according to plaintiff, Hill Tased him while plaintiff was seated in the driver's seat of his vehicle with his hands raised. According to plaintiff, he was then removed from the vehicle, thrown to the ground, kneed in the side, and tased again by Hill and other officers. Plaintiff denied being in possession of cocaine and denied resisting the arrest.

*Law and Analysis*

*1. Screening*

When a prisoner files a complaint in a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to review the complaint as soon as is feasible and to dismiss the case if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a

2

defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915 and 1915A, and 42 U.S.C. § 1997e(c).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted).

A civil rights plaintiff must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

## 2. *Heck/Wallace v. Kato* Considerations

Plaintiff has been charged with resisting arrest, a violation of La. R.S.14:108 which provides,

> A. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest, lawful detention, or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, detaining, seizing property, or serving process is acting in his official capacity.
>
> B. (1) The phrase "obstruction of" as used herein shall, in addition to its common meaning, signification, and connotation mean the following:
>
> (a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
>
> (b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.

>(c) Refusal by the arrested or detained party to give his name and make his identity known to the arresting or detaining officer or providing false information regarding the identity of such party to the officer.
>
>(d) Congregation with others on a public street and refusal to move on when ordered by the officer.

Plaintiff awaits trial on this charge as well as the charge of possession of cocaine. He claims that he is not guilty of either offense and that the defendants used excessive force against him when he was initially detained and ultimately arrested. If plaintiff is ultimately convicted of those offenses, he may not be entitled to seek compensatory damages for his excessive force and wrongful arrest claims until such time as the convictions have been declared invalid. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which held:

>... in order to recover damages for allegedly unconstitutional ... imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254...
>
>Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, at 486-487.

*Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding state convictions. Further, an excessive-force claim may be barred by *Heck* if it would imply the invalidity of a conviction for resisting arrest. *Compare Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (Because self-defense is a justification defense to the crime of battery of an officer, plaintiff's claim that officers used excessive force while apprehending him, if proved, necessarily would imply

4

the invalidity of his arrest and conviction for battery of an officer. This is true because the question whether the police applied reasonable force depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction.)

On the other hand, since the criminal prosecution remains pending, *Heck* does not yet apply. *See Wallace v. Kato*, 549 U.S. 384 (2007) (The *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges.) However, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended.")

Thus, in accordance with the principals announced in *Heck v. Humphrey, Hudson v. Hughes,* and *Wallace v. Kato,* plaintiff's wrongful arrest and excessive force claims – to the extent that plaintiff seeks compensatory damages – must be stayed pending the results of the on-going criminal prosecution.

### 3. Habeas Corpus Claims

Plaintiff also seeks dismissal of the pending state criminal charges and his immediate release from custody. Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a *habeas corpus* action, and, since in this instance the plaintiff attacks the lawfulness of pending state criminal charges, his remedy, if any, is

afforded by 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) (Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.' Pretrial petitions are properly brought under §2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'); and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise under 28 U.S.C. s 2241(c)(3), allowing the writ of *habeas corpus* to petitioners 'in custody in violation of the Constitution,' rather than under 28 U.S.C. s 2254(a), which requires that custody be 'pursuant to the judgment of a state court.'")

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, the jurisprudence requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Furthermore, a federal court should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court proceedings. *Dickerson,* 816 F.2d at 225, citing *Braden,* 410 U.S. at 489-

92, 93 S.Ct. 1123 at 1126-28. These requirements are imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden,* 410 U.S. at 493, 93 S.Ct. at 1129; *Dickerson,* 816 F.2d at 225-226. The jurisprudence distinguishes between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" from one who seeks only to enforce the state's obligation to bring him promptly to trial. *Dickerson*, 816 F.2d at 225. In *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976), the Fifth Circuit articulated the distinction:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal *habeas corpus*, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976).

Petitioner seeks dismissal of the pending charges and his release from custody, and as shown above, that relief is not available in a civil rights action. Further, the undersigned is reluctant to construe these claims as a habeas action because plaintiff has not yet exhausted available state court remedies.[1]

---

[1] Of course, even if exhaustion were not at issue, it is unlikely that plaintiff would be entitled to *habeas corpus* relief since such relief would necessitate Federal court involvement in an on-going state criminal prosecution.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts must not exercise their jurisdiction in equity to enjoin state criminal prosecutions absent truly extraordinary circumstances. *Id.* at 44. There is a three-prong test for determining whether the *Younger* abstention doctrine is applicable: (1) the dispute must involve an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir.1996). If those factors are satisfied, then the federal court may only enjoin a pending state criminal court proceeding if: (1) the state court proceeding was brought in bad faith or with the purpose of

*Conclusion and Recommendation*

Based on the foregoing

**IT IS RECOMMENDED THAT t**his action – insofar as it seeks monetary damages for excessive force and wrongful arrest, imprisonment and prosecution – be **STAYED** under the following conditions:

> **a.  If plaintiff intends to proceed with his claims, within thirty (30) days of the date the criminal proceedings against him have concluded he must file a motion asking the court to lift the stay;**
>
> **b. If the stay is lifted and the court finds plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed at that time, absent some other bar to suit. See *Wallace*, 127 S.Ct. at 1098; and,**
>
> **c. In light of the stay, plaintiff should not file any more documents (other than an objection to this Report and Recommendation) in this action until the state court proceedings have concluded; and,**

**IT IS FURTHER RECOMMENDED THAT** this action – insofar as it seeks the dismissal of the pending criminal charges and plaintiff's immediate release– be **DISMISSED** for failing to state a claim for which relief may be granted pursuant to Section 1983.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

---

harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived. *Younger*, 401 U.S. at 49, 91 S.Ct. 746; *Trainor v. Hernandez,* 431 U.S. 434, 446, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *DeSpain v. Johnston*, 731 F.2d 1171, 1180 (5th Cir.1984). Plaintiff's claims clearly involve an "ongoing state judicial proceeding;" further, the State of Louisiana has an important state interest in the subject matter of the proceeding; and the State of Louisiana affords plaintiff with ample and adequate opportunities to litigate his constitutional challenges.. Simply stated, plaintiff has not alleged any grounds that would warrant federal intervention into this on-going prosecution in the Louisiana court.

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, January 12, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE